# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5263-16T4

L.G.,

     Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT
OF HUMAN SERVICES,

     Respondent-Respondent.

_____

Submitted November 26, 2018 – Decided December 11, 2018

Before Judges Haas and Mitterhoff.

On appeal from the New Jersey Department of Human Services, Division of Mental Health and Addiction Services.

L.G., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Angela Juneau Bezer, Deputy Attorney General, on the brief).

PER CURIAM

L.G. appeals from the New Jersey Department of Human Services, Division of Mental Health and Addiction Services' (DMHAS) final administrative decision to administer psychotropic medication to her without her consent. We affirm.

On October 23, 2009, L.G. was involuntarily committed to Greystone Park Psychiatric Hospital (GPPH). Her treating psychiatrist, Dr. Roberto Caga-Anan, diagnosed her with schizophrenia. On July 6, 2017, in accordance with written protocols developed by the DMHAS, L.G.'s psychiatrist prepared an Involuntary Medication Administration Report (IMAR), documenting L.G.'s condition and the medications involved in the treatment plan.[1] The IMAR indicated that L.G. suffered from schizophrenia and becomes "irritable and angry if her delusions are challenged."

L.G. initially signed a form consenting to voluntarily take her prescribed psychiatric medications. However, L.G. began to refuse the medication after several days, claiming that the pill was too large and that the dose was too high.

_____

[1] The DMHAS delegates to psychiatric hospitals the responsibility of "assur[ing] that the [involuntary] administration of psychotropic medication . . . conforms to the standards of N.J.S.A. 30:4-24 et seq.[]" See N.J. Dep't of Human Servs., Div. of Mental Health and Addiction Servs., Administrative Bulletin A.B. 5:04B (Effective June 4, 2012), https://www.state.nj.us/humanservices/dmhas/regulations/bulletins/Mental%20Health/5_04B.pdf.

L.G. then claimed that she suffered from a traumatic brain injury (TBI), rather than from a mental illness, and requested a transfer to the TBI unit. L.G. began to refuse to go outside, claiming that the sun will "make her sag and give her life threatening edema of her arms and legs." She also began showering only once per week, claiming that the warm water from the shower made her sag. On July 10, 2017, L.G. received notice of a panel review hearing, which was scheduled for, and took place on, July 13, 2017.

At the hearing, L.G.'s treating psychiatrist testified that L.G. maintains delusions about the sun causing edema in her legs and arms. She also testified that L.G. believes that she has a TBI, which is aggravated by showering. As a result, L.G. showers only once a week and she has previously contracted lice. Dr. Caga-Anan opined that involuntary medication was needed because, when she is noncompliant with medication, L.G. is likely to cause serious harm to herself.

L.G. testified that she does not have any mental illness and only has a TBI. She further testified that she is not a danger to herself or others.

At the conclusion of the hearing, the panel determined that L.G. required medication. After being provided with the required notice, L.G. appealed the

determination. The GPPH Clinical Director conducted a review and upheld the decision. This appeal followed.

On appeal, L.G. asserts that GPPH erred by determining the she should be medicated without her consent because her mental illness causes her to be dangerous to herself and others when not medicated. We disagree.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] strong presumption of reasonableness attaches" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)). The burden is upon the appellant to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

Applying this standard, we conclude that GPPH's decision to involuntarily medicate L.G. was not arbitrary, capricious, or unreasonable. GPPH followed

the DMHAS involuntary medication policy and procedures. Its decision was based on the judgment of independent clinicians following a hearing and after an administrative appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION